UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAWN P.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:22cv68 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since April 7, 2020, the application date (20 CFR 416.971 *et seq.*).

2

2. The claimant has the following severe impairments: morbid obesity, diabetes, osteoarthritis, degenerative disk disease of the lumbar spine, adjustment disorder, bipolar disorder, post-traumatic stress disorder (PTSD) and attention deficit hyperactivity disorder (ADHD) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, can sit for six hours in an eight hour workday and stand and/or walk for two hours in an eight hour workday, is unable to climb ladders, ropes, or scaffolds or crawl, may occasionally climb ramps and stairs, balance, stoop, kneel or crouch occasionally and must avoid all work at unprotected heights. In addition, the claimant is able to perform routine and repetitive work performing essentially the same tasks in the same place every day at jobs that involve no assembly line-paced work or work with strict hourly production quotas, can interact with supervisors and co-workers occasionally with brief and superficial contact defined as no lower than an 8 in terms of the 5th digit of the DOT Code and must avoid all work that involves direct interaction with the public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on July 16, 1975 and was 44 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act,

3

since April 7, 2020, the date the application was filed (20 CFR 416.920(g)). (Tr. 14-27).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on July 14, 2022. On September 8, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on September 23, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"? (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

Plaintiff's mental health providers have diagnosed her with bipolar disorder (Tr. 351,

4

599) as well as an adjustment disorder with anxiety and depressed mood (Tr. 465, 484, 486, 488). Her moods are very variable ("always changing her moods") (Tr. 485). Her psychiatrist, Anand Popli, M.D., prescribes her multiple mental health medications including lithium, the anti-psychotic Risperidone, Lexapro, and Wellbutrin (Tr. 402, 410, 571, 599, 651-652).

On May 30, 2020, Plaintiff's mental health counselor, Carol Chase, LMHC, MAC, wrote that Plaintiff "appears to understand and then has numerous questions as if she did not understand" (Tr. 465). Ms. Chase also opined: "This client could not work and concentrate on her job … [client] has a problem concentrating. She becomes confused and panicked. Her anger flares easily" (Tr. 465). Notes from counseling sessions with Plaintiff support Ms. Chase's opinion. For example, Ms. Chase wrote in November/December 2019 and January 2020 that Plaintiff was "tearful about her inability to concentrate and think clearly" and that Plaintiff "sometimes forgets appointments" (Tr. 489, 491, 492, 496, 505). Plaintiff falls asleep in the middle of conversations (Tr. 658). In June 2020, Ms. Chase also observed that Plaintiff has "cognitive distortions" (Tr. 752).

On March 1, 2021, Ms. Chase wrote that Plaintiff has "some learning disabilities and memory loss". Ms. Chase wrote that Plaintiff forgets appointments and, in a session, needs explanation and reiteration (Tr. 732). She also wrote that Plaintiff "would find it difficult to be calm in a workplace" (Tr. 732). Ms. Chase wrote that, in her opinion, Plaintiff could, given her deficits, almost certainly not perform any work out of the home and with people (Tr. 732).

On March 5, 2021, Dr. Popli opined that Plaintiff has a "poor" ability to make simple work-related decisions, respond appropriately to usual work situations, and deal with changes in a routine work setting, and, in a work setting, her reliability would also be "poor" (Tr. 758). Dr.

Popli opined that Plaintiff is not capable of sustaining work on a continuing basis and that she would be off task at least 25% of the workday and have 4 or more absences per month due to her mental health impairments and related treatment (Tr. 759).

In May 2021, a mental health consultant, psychologist Michael Lace, Psy.D., opined that Plaintiff has moderate limitation responding appropriately to usual work situations and to changes in a routine work setting (Tr. 777). He specifically stated that Plaintiff has moderate limitations in concentration, persistence, or pace and in her ability to manage oneself (Tr. 777).

At Plaintiff's April 28, 2021 hearing before the ALJ, she testified that she needs constant reminders to remember what she has to do. "Notes everywhere. Post-it notes everywhere. What I'm supposed to get, what I'm not supposed to get, what I'm supposed to do and what I'm not supposed to do" (Tr. 54). Plaintiff testified that, without the Post-It notes, she would miss all her appointments (Tr. 54).

With respect to Plaintiff's physical impairments, Plaintiff's medical providers, including her pain management physician, Syed Quadri, D.O., have diagnosed her with degenerative disc disease of the lumbar spine, diabetes, fibromyalgia, and a body mass index in the 45-50+ range, which is indicative of Class III morbid obesity (Tr. 436-347, 352, 354, 414, 432, 445, 450, 600, 602, 604, 606). On October 14, 2019, her physical exam showed edema, or swelling, in her bilateral lower extremities (Tr. 351-352, 356). Plaintiff's obesity is so severe that she has previously been denied bilateral medial branch blocks for her back pain because of a "BMI [body mass index] restriction" (BMI over 45 is ineligible for lower back branch blocks) (Tr. 444, 448, 556).

Plaintiff has told Dr. Quadri that she has pain in her low back (Tr. 557). His exams

have also revealed pain in Plaintiff's lower back on palpation (Tr. 558). In October 2019 and September 2020, Dr. Quadri opined that, based on MRI imaging, Plaintiff's facet arthropathy in her spine likely causes Plaintiff's back pain (Tr. 454, 643).

In September 2020, Plaintiff saw Dr. Quadri for throbbing and burning in her legs (Tr. 639). At the time, Plaintiff stood 5 feet, 4 inches tall and weighed 321 pounds, giving her a body mass index of 55.1 (Tr. 641). Dr. Quadri wrote: "Pt [patient] reports that she hasn't been able to stand for even short periods of time. She complains that she has not been able to wash dishes or walk even 2 to 5 minutes" (Tr. 640).

In December 2020, radiographic imaging of Plaintiff's lumbar spine showed degenerative changes at L3-4 and L4-5, with mild narrowing of the L3-4 disc space (Tr. 679, 685).

In a medical source statement dated February 2021, Dr. Quadri opined that Plaintiff could lift and/carry less than five pounds in an 8-hour period (Tr. 668) and can reach and handle with her bilateral upper extremities only occasionally, meaning for one-third or less of the workday (Tr. 667). During a physical evaluation in February 2021, Plaintiff exhibited pain with lumbar palpation and a positive straight leg raise test bilaterally (Tr. 679).

In support of remand, Plaintiff first argues that the ALJ erred by not including, in the hypothetical to the VE and in the RFC, moderate limitations in understanding, remembering, or applying information and adapting or managing oneself.  Plaintiff points out that in his decision, at Step 3, the ALJ found that Plaintiff has a moderate limitation in understanding, remembering, or applying information (Tr. 17) and a moderate limitation in adapting or managing oneself (Tr. 18). However, in his hypothetical to the VE (Tr. 64-65), the ALJ gave no limitations for

7

understanding, remembering, or applying information or adapting or managing oneself (Tr. 19).

"When an ALJ poses a hypothetical [RFC] question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)). These RFC limitations must also account for limitations found when assessing the "B criteria" of the mental health listings at Step 3. *Moreno*, 882 F.3d at 730.

The ALJ held that the Plaintiff had the following mental health limitations: "able to perform routine and repetitive work performing essentially the same tasks in the same place every day at jobs that involve no assembly line-paced work or work with strict hourly production quotas" (Tr. 19). Plaintiff notes that these RFC mental health limitations do not include any limitation for understanding, remembering, or applying information or for adapting or managing oneself.

As the ALJ acknowledges in his decision, the ability to understand, remember, or apply information "includes the ability to learn, recall, and use information to perform work activities, such as understanding and learning terms, instructions, [or] procedures …" (Tr. 17) and the ability to adapt or manage oneself "includes "the ability to regulate emotions, control behavior, and maintain well-being in a work setting …" (Tr. 18). Plaintiff argues that limiting her to "routine and repetitive work" does not account whatsoever for her moderate limitations in understanding, remembering, or applying information or moderate limitation in adapting or managing oneself. Plaintiff points out that many "routine and repetitive jobs" are skilled jobs that involve a high degree of aptitude for understanding, remembering, or applying information. A person with moderate limitation in understanding, remembering, or applying information

8

presumably could not perform high-skilled jobs. As such, the ALJ's hypothetical question (Tr. 64-65), which he adopted as Plaintiff's RFC (Tr. 19), failed to include "all limitations supported by medical evidence in the record" and therefore "lack[ed] substantial justification." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009)).

      The Commissioner argues that Plaintiff did not identify "specific, additional limitations" regarding understanding, remembering, or applying information that the ALJ should have included in his RFC. However, the limitations overlooked are found directly in the ALJ's "B" criteria findings (Tr. 17), as well as in the state agency medical consultants' Mental Residual Functional Capacity Assessments (Tr. 89-91, 103-105, 121-125), which the ALJ found persuasive (Tr. 23-24). In the B criteria at step 3, the ALJ found Plaintiff has moderate limitation in understanding, remembering, or applying information (Tr. 17). Thus, the ALJ needed to include moderate limitations about Plaintiff's ability to understand, remember, or apply information in his RFC. Additionally, the ALJ found persuasive mental opinion evidence from state agency mental health consultants Ann Lovko, Ph.D. and B. Randal Horton, Psy.D. (Tr. 23-24). Both Dr. Lovko and Dr. Horton opined that Plaintiff is moderately limited in understanding and remembering detailed instructions, and can only understand, remember, and carry out simple instructions, and make judgments on simple, repetitive tasks (Tr. 90, 91, 104, 105). However, the ALJ does not include any limitations in his RFC about understanding, remembering, and carrying out simple instructions, or making judgments on simple tasks (Tr. 19). Thus, remand is warranted on this issue.

      Plaintiff also asserts that the ALJ's RFC assessment is not supported by substantial

9

evidence. The ALJ found unpersuasive every medical opinion in the record on Plaintiff's physical abilities and limitations. The ALJ found Dr. Quadri's opinion (Tr. 667-668) unpersuasive (Tr. 24-25), state agency physical health consultant J.V. Corcoran's opinion (Tr. 86-87) unpersuasive (Tr. 23-24), and state agency physical health consultant J. Sand's opinion (Tr. 100-101, 116-117) unpersuasive (Tr. 23-24). Thus, the ALJ formulated his physical RFC limitations for Plaintiff not based on any medical opinion, but instead on his own subjective interpretation of the raw medical data in the record. Absent the medical opinions of the record, the ALJ "was left with evidentiary deficit that [he] was not permitted to fill with [his] own lay understanding of the medical evidence." *McDavid v. Colvin*, 2017 WL 902877, at *5 (N.D. Ill. Mar. 7, 2017) (citing *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (holding that an ALJ is not permitted to "play doctor" by using her own opinions to fill an evidentiary gap in the record)). Remand is required so that the ALJ may correct this error.

Plaintiff has briefly raised an issue concerning the job of document preparer-microfilming, which the ALJ found Plaintiff capable of performing.  Plaintiff points out that courts have been skeptical about how many businesses/libraries currently maintain records on microfilm.  Plaintiff asserts that the job is now obsolete. The Commissioner apparently concedes that the job is obsolete, but notes that the Seventh Circuit has yet to reverse on this issue.  The Commissioner also points out that Plaintiff's counsel did not challenge the vocational expert's testimony on this point. As this case is being remanded on the above issues, the Court will not address this issue other than to note that the integrity of the Social Security Administration would be well-served by weeding out the obsolete jobs in the Step 5 finding.

10

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: September 30, 2022.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court